UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John Hastings, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Triumph Property Management Corporation,<br><br>    Defendant | 2:16-cv-00213-JAD-PAL<br><br>**Order Denying Triumph's Motions to Dismiss Claims and Strike Class Allegations, Granting the Motion to Amend, and Denying the Motion for Sanctions**<br><br>[ECF Nos. 7, 9, 34, 37] |

John and Jill Hastings bring this class-action complaint under the Telephone Consumer Protection Act to seek redress for a text message. Triumph Property Management Corporation moves to dismiss and to strike the class allegations, arguing that the Hastingses' claims fails a matter of law. The Hastingses oppose Triumph's motions, seek leave to amend their complaint, and move for sanctions under 28 U.S.C. § 1927. Because the proposed amendments are not futile, I deny Triumph's dismissal motion and motion to strike, grant the Hastingses' motion for leave to amend, and deny their motion for sanctions.[1]

**Background**

**A.    The initial complaint**

The Hastingses allege that they received a text message shortly after placing a call to Triumph in January 2015 that read:

> +170276137414:www.TriumphPropertyManagement.com- Your recent call to us is much appreciated. We want to hear of your opinion. Plz text back any comments. +(702)7999999.[2]

The Hastingses claim that they did not consent to receiving this message and that the text was sent to their cell phone via an automated telephone dialing system (ATDS). They also allege that they are members of the class "consisting of all persons within the United States who received any unsolicited

---

[1] I find these motions suitable for disposition without oral argument. L.R. 78-1.

[2] ECF No. 1 at 3.

text messages from Defendant without prior express consent."[3]  They plead claims for negligent and willful violations of the TCPA and seek monetary and injunctive relief.

**B.     The proposed amended complaint**

The Hastingses seek leave to add Kixie Online, Inc. as a defendant, include vicarious-liability allegations against Triumph, and "further clarify certain other allegations in the original Complaint."[4] They allege that Kixie specializes in electronic telemarketing, including text messaging consumer telephone numbers.[5]  In September 2014, Triumph allegedly began using Kixie's services to "send out pre-typed SMS text messages to consumers" designated by Triumph "on Triumph's behalf using special computer equipment and dialers."[6]  In Kixie's terms-of-use agreement, Triumph agreed to warrant to Kixie that "the owners of the phone numbers you provide to Kixie, to which outbound messages and broadcasts are transmitted through the Services, have consented or otherwise opted-in to the receipt of such messages and broadcasts."[7]  The Hastingses assert that they called Triumph on January 20, 2015, and Triumph "trapped" their cell-phone number via caller ID, and provided the number to Kixie, and then Kixie sent them the offending text message at 1:30 p.m. that day via its ATDS system.[8]

The Hastingses also clarify their class-action allegations.  They now define their proposed class as "[a]ll persons within the state of Nevada who received any text message from Defendants or their agent/s and/or employee/s, not sent for emergency purposes, to the person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the

---

[3] *Id.* at 4.

[4] ECF No. 34 at 3.

[5] ECF No. 34-1 at 5.

[6] *Id.* at 6.

[7] *Id.*

[8] *Id.* at 7.

filing of the Complaint in this case."[9]

Triumph moves to dismiss the initial complaint and opposes the Hastingses' motion for leave to amend, arguing that dismissal is proper and the proposed amendments are futile because the text did not violate the TCPA: it was not sent from an ATDS and "was a responsive communication intended for quality assurance and/or customer service purposes," not a solicitation.[10] Triumph also argues that the Hastingses fail to adequately allege that Triumph knowingly or willfully violated the TCPA. The Hastingses respond that the TCPA applies regardless of the content of the text, so the proposed amendments are not futile, and that they sufficiently allege that Triumph sent the message using an ATDS system and knowingly and willfully violated the Act.

## Discussion

### A. Standards for leave to amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires," but leave to amend may be denied if the proposed amendment is futile.[11] In determining whether to grant leave to amend, I consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.[12] "Futility alone can justify the denial of a motion to amend."[13]

Rule 8 of the Federal Rules of Civil Procedure requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[14] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a

---

[9] *Id.* at 10.

[10] ECF No 35 at 3.

[11] *Carrico v. City & Cty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[12] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal citation omitted).

[13] *Id.* (Internal citation omitted).

[14] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

claim to relief that is plausible on its face."[15] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[16] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[17] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[18] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.

**B.     The Hastingses plead colorable claims under the Telephone Consumer Protection Act, and the proposed amendments are not futile.**

The TCPA makes it unlawful "to make any call" using an ATDS without the recipient's prior express consent.[19] An ATDS is equipment that "has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (2) to dial such numbers."[20] The Ninth Circuit has held that a text message is "a call" within the meaning of the Act.[21]

At the outset, I reject Triumph's argument that the text cannot be actionable because it is not a solicitation. The content of the message or call to a cellular phone affects only the type of consent required for the text to be lawful: "if a text message 'includes or introduces an advertisement' or 'constitutes telemarketing,' it may only be sent with the recipient's prior express *written* consent,

---

[15] *Twombly*, 550 U.S. at 570.

[16] *Iqbal*, 556 U.S. at 678.

[17] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[18] *Id.*

[19] *Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

[20] 47 U.S.C. § 227(a)(1).

[21] *Satterfield v. Simon & Schusteer, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

whereas other texts"—like the one here[22]—"require only prior express consent to be legal."[23] The Hastingses allege that they never gave prior express consent to Triumph, and they clarify in their proposed amended complaint that Triumph "captured" their cell-phone number utilizing a caller-ID system—a method the FCC has expressly excluded from consent absent a prior warning.[24]

I also decline to grant Triumph's motion to dismiss because the text was purportedly not sent by an ATDS. The Hastingses sufficiently allege that the text was sent by an ATDS, and this could also plausibly be inferred from the general and impersonal nature of the message. Though Triumph disputes that the messaging equipment fits the TCPA's definition for an ATDS, this is a fact question for summary judgment or trial. At this stage, I must accept all well-pled factual allegations as true, and the Hastingses have adequately pled that the offending message was sent via an ATDS.

I also find that the Hastingses sufficiently plead a knowing violation. Federal Rule of Civil Procedure 9(b) is clear that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The proper vehicle for disputing whether Triumph had the requisite intent for knowing and willful violatations of the TCPA is not a motion to dismiss.

Because I reject Triumph's dismissal arguments; and I find that the proposed amendments are not futile, there is no indication of bad faith, undue delay, or prejudice to Triumph, and the Hastingses have not previously amended their complaint, I deny Triumph's dismissal motion and grant the Hastingses' motion for leave to amend.

---

[22] The Hastingses allege that Triumph sent a text to their cell phone without prior express consent; they do not allege that Triumph sent them a text for marketing or solicitation purposes without prior express written consent. *See* ECF Nos. 1 (complaint); 14 (opposition explaining this distinction and pointing out that the text was not alleged to be for marketing purposes).

[23] *Reardon v. Uber Technologies,* Inc., 115 F. Supp. 3d 1090, 1098–99 (N.D. Cal. 2015) (internal citations omitted).

[24] *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8769 ¶ 31 (Oct. 16, 1992).

### C.     Motion to strike class allegations

A party may move to strike from a pleading "any insufficient defense or any redundant, immaterial, or impertinent and scandalous matter."[25] A court may strike class allegations at the pleading stage,[26] but these motions are generally disfavored because "a motion for class certification is a more appropriate vehicle."[27]

The bulk of Triumph's Rule 12(f) argument is that the Hastingses fail to sufficiently allege a TCPA violation and therefore lack standing to serve as lead plaintiffs in a class action.[28] Because I reject Triumph's dismissal arguments, the Hastingses have tailored their class allegations in their amended complaint, discovery has not yet commenced,[29] and no motion for class certification has been filed, I deny without prejudice Triumph's motion to strike the class allegations.

### D.     Motion for sanctions

Under 28 USC § 1927, "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay attorney's fees and other costs reasonably incurred as a result. Section 1927 sanctions "must be supported by a finding of subjective bad faith."[30] "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent."

Counsel for the plaintiffs represents that Triumph's counsel sent a letter demanding that the Hastingses amend their complaint to correct their residency and to name Kixie as the primary defendant. Two weeks later, plaintiffs' counsel sent Triumph's counsel a proposed stipulation to amend the complaint along with the proposed amended complaint. Triumph's counsel refused to

---

[25] FED. R. CIV. PROC. 12(f).

[26] *Kamm v. California City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975).

[27] *Thorpe v. Abbott Lab., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008).

[28] ECF No. 7.

[29] Discovery is currently stayed "except as to allowing Plaintiff's Counsel to conduct limited discovery on the issue of whether the Defendant used an" ADTS. ECF No. 28.

[30] *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

stipulate to the amended complaint, forcing the Hastingses to file the instant motion for leave to amend, which Triumph's counsel then opposed.  The Hastingses seek $2,875 in attorney's fees and costs, which they incurred filing the "unnecessary" motion for leave to amend and the request for sanctions.

Though Triumph's counsel's behavior is perhaps undesirable, I do not find that counsel acted in subjective bad faith.  Triumph's counsel sent an aggressive Rule 11 Safe Harbor notice to plaintiffs' counsel requesting that they correctly allege the Hastingses' residency and add Kixie as a primary defendant.  But the Hastingses made additional amendments in the proposed amended complaint that were not requested or approved by Triumph's counsel.  Thus, defense counsel did not act in bad faith by refusing to stipulate to the filing of the amended complaint and in opposing the Hastingses' motion for leave to amend.  Indeed, the bulk of his opposition to the motion for leave to amend raises the same arguments that he made in his dismissal motion: that the Hastingses' claims fail as a matter of law.  He does not object to the addition of Kixie as a defendant.  These objections are entirely consistent with the letter that Triumph's counsel sent to the Hastingses' counsel.  I therefore decline to award plaintiffs sanctions under § 1927.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Triumph's motion to dismiss **[ECF No. 7] is DENIED**, Triumph's motion to strike **[ECF No. 9] is DENIED** without prejudice, the Hastingses' motion for leave to amend complaint **[ECF No. 34] is GRANTED**, and their motion for sanctions **[ECF No. 37] is DENIED.**

Dated this January 26th, 2017.

_____
Jennifer A. Dorsey
United States District Judge